UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WATERBURY,<br><br>           Plaintiff,<br><br>   v.<br><br>A.K. SCRIBNER, et al.,<br><br>           Defendants. | CV F- 05-0764 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br>(DOC 42) |

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.

       On January 26, 2007, plaintiff filed a motion for emergency injunctive relief against the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff seeks an order prohibiting CDCR from collecting more than 20% of his trust account to forward to the Clerk of the Court. .

       The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a

1  combination of probable success and the possibility of irreparable harm, or (2) that serious questions
2  are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819
3  F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant
4  threat of irreparable injury." <u>Id</u>.  Also, an injunction should not issue if the plaintiff "shows no
5  chance of success on the merits." <u>Id</u>.  At a bare minimum, the plaintiff "must demonstrate a fair
6  chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

7       "A federal court may issue an injunction if it has personal jurisdiction over the parties and
8  subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not*
9  *before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985)
10 (emphasis added).  Defendants in this case have not yet been served.  Plaintiff is not entitled to
11 preliminary injunctive relief until such time as the named defendants have been served with the
12 summons and complaint.  At this juncture, plaintiff's motion for preliminary injunctive relief is
13 premature.  Plaintiff may file another motion for preliminary injunctive relief at a later stage.
14 Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before
15 defendants are served with process in this case will be denied as premature.

16       Accordingly, it is HEREBY RECOMMENDED that plaintiff's motion for a temporary
17 restraining order filed January 26, 2007 be DENIED.

18       These findings and recommendations will be submitted to the United States District Judge
19 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)
20 days after being served with these findings and recommendations, the parties may file written
21 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
22 Findings and Recommendations."  The parties are advised that failure to file objections within the
23 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
24 1153 (9th Cir. 1991).
25
26       IT IS SO ORDERED.
27       Dated:   **January 31, 2007**              **/s/ Dennis L. Beck**
28

1  3c0hj8                                        UNITED STATES MAGISTRATE JUDGE