# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WATERBURY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A.K. SCRIBNER, et.al.,<br><br>　　　　Defendants. | 1:05-cv-0764 OWW DLB PC<br><br>ORDER GRANTING IN PART, AND DENYING IN PART, PLAINTIFF'S MOTIONS TO COMPEL, AND REQUIRING DEFENDANTS TO SERVE FURTHER RESPONSES WITHIN FORTY-FIVE DAYS<br><br>(Doc. 46, 47, 48)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO EXCEED THE LIMITS OF RULE 33(A)<br><br>(Doc. 44) |

I.　Order

　　A.　Procedural History

Plaintiff Thomas Waterbury ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's first amended complaint, filed May 9, 2006 against defendants Scribner, Sheppard-Brooks, Castillo, Bradley, Amerson and Rodriguez for violation of his due process rights and access to the courts, as well as various tort actions (Doc. 14). On September 20, 2007, the court issued a discovery and scheduling order, under which the deadline for the completion of all discovery, including filing motions to compel, is May 20, 2008 (Doc. 34).

On February 13, 2008, plaintiff filed a motion seeking leave of the court to exceed the twenty-five question limitation on interrogatories (Doc. 44). Defendants filed an opposition on February 29, 2008

1  (Doc. 50). Plaintiff filed his reply on March 14, 2008 (Doc. 55).

2  On February 19, 2008, plaintiff filed a motion to compel discovery of documents (Doc. 46). On February 22, 2008 plaintiff filed a motion to compel further answers to plaintiff's first Request for Admissions (Doc. 47), and a motion to compel defendants to further respond to his first set of interrogatories. (Doc. 48). Defendants filed their opposition on March 11, 2008. Plaintiff filed his reply on March 25, 2008 (Doc. 56).

B.     Plaintiff's Motion to Compel Further Responses to Plaintiff's First Set of Interrogatories

On February 22, 2008, plaintiff filed a motion compelling defendants to answer plaintiff's first set of interrogatories. (Doc. 48). In support of his motion, plaintiff alleges that defense counsel is engaging in harassment ploys designed to frustrate meaningful discovery, and is hiding behind F.R.C.P. 33, which limits the number of proffered interrogatories to twenty-five questions.

Defendants have objected to answering in full plaintiff's first set interrogatories, on the grounds that plaintiff has exceeded the limit of 25 interrogatories, including discrete subparts, without first seeking leave of the Court to serve additional interrogatories. Defendants further argue that plaintiff has failed to comply with local Rule 33-250(c) by not identifying the interrogatories that are subject to the motion to compel, and that certain interrogatories are irrelevant and not reasonably calculated to lead to discovery of admissible evidence.

The Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified. The necessary information must be set forth in the motion and may not be cured in the reply, as defendants are entitled to notice in the moving papers and opportunity to be heard. In the present case, plaintiff fails to identify in his motion the interrogatories subject to his motion to compel, and then attempts to remedy this procedural deficiency in his reply. Plaintiff is admonished for providing such information in his reply and not in the motion itself. Although the court will consider the arguments set forth in plaintiff's reply this one time, plaintiff is cautioned that the court will strike any procedurally deficient motion filed in the future.

In plaintiff's reply, he states that defendants Amerson and Sheppard-Brooks should be compelled

to answer questions 11 through 25, and that defendants Castillo, Rodriguez, Gutierrez and Bradley should be compelled to answer questions 12 through 25, on the grounds that the questions set out in his first set of interrogatories do not exceed the 25 question limit as defendants contend.  Plaintiff further contends that interrogatories propounded concerning defendants' bank/saving account balances, current assets, and position on settlement are relevant and reasonably calculated to lead to discovery of admissible evidence.

The court will now examine the disputed interrogatories.  The court finds it necessary to first determine whether plaintiff has in fact exceeded the twenty-five question limitation.

I) Rule 33(a) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure Rule 33(a)(1) states that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.  Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)."  The purpose behind the twenty-five question limitation is to reduce the frequency and increase the efficiency of interrogatory practice. (Advisory Committee notes on 1993 Amendments to FRCP 33(a)(1)).

Subparts count as one interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question". Safeco of America v. Rawstron, 181 F.R.D. 441, 445 (C.D. Cal., 1998), quoting Kendall v. GES Exposition Services, Inc, 174 F.R.D. 684, 685 (D. Nev. 1997). "Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."(Advisory Committee notes on 1993 Amendments to FRCP 33(a)(1)).  As explained in Kendall,

///

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question.  Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories.  However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related". Id at 685.

1   Determining whether an interrogatory counts as a separate question requires a pragmatic approach.
2   "[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the
3   inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate
4   interrogatory no matter how it is designated". Willingham v. Ashcroft, 226 F.R.D. 57, 59 (D.D.C, 2005).
5   The court will now address the interrogatories in dispute in the present case.

6         ii)   Interrogatory Number 1 [1]

7   Plaintiff propounds the following interrogatory to each of the six defendants:

8       "State your name:

9       a)   Include legal name;

10      b)   Include any maiden name or alias."

11  Defendants contend that each subpart in the preceding interrogatory should be treated as separate
12  interrogatories because they are not necessarily related to the primary question, and can stand alone.
13  Plaintiff argues that the subparts logically relate to the question "state your name" and should therefore
14  be treated as a single interrogatory. The purpose of the interrogatory is to identify the defendant. The
15  subparts do not introduce a line of inquiry that is separate and distinct from the interrogatory preceding
16  it. Therefore, the court finds that Interrogatory Number 1 properly contains a single interrogatory.

17        iii)   Interrogatories Numbers 2, 3, and 4

18  Interrogatory No. 2 requests that the defendant state "your occupation Title, responsibilities, and
19  employer". Interrogatory No. 3 requests that the defendant state "the name, address, and telephone
20  number of your employer", and interrogatory No. 4 requests the "name, address, and telephone number
21  of all known co-workers involved in or had knowledge of the matters outlined in plaintiff's complaint".
22  For each interrogatory reproduced above, plaintiff requests information pertaining to the year (a) 2004,
23  (b) 2005, (c) 2006, (d), 2007 and (e) presently.

24  Defendants contend that each subpart in the preceding interrogatory should be treated as separate
25  interrogatories because they are not necessarily related to the primary question, and can stand alone.
26  Plaintiff asserts generally that the subparts are logically or factually subsumed within the primary

27  _____

28     [1] Interrogatories Nos. 1, 2, 3 and 4 are identical for each of the six defendants.

question.

Plaintiff's requests for the separate years from 2004 through to the present are separate and distinct. Interrogatories 2, 3 and 4 will each be treated as five separate interrogatories, for a total of fifteen (15) interrogatories.

        iv)    <u>Interrogatories Nos. 5 - 10</u>

The court has reviewed Interrogatories Nos. 5 through 10 propounded for each defendant. Although the questions are not identical for each defendant, none of these interrogatories contain subparts, and therefore each should be treated as a single interrogatory. Each Defendant has responded and plaintiff has not challenged their responses in this motion. No further response is required.

        v)    <u>Defendant Castillo - Interrogatories Nos.11 - 25</u>

Defendant Castillo has answered Interrogatory Number 11, and objects to the remainder on the grounds that plaintiff has exceeded the twenty-five question limitation. Defendant Castillo further objects to Interrogatory No. 13 on the grounds that it presumes as true things that are not true, is overly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.[2]

By the Court's count, defendant Castillo has responded to 24 separate and distinct interrogatories (Interrogatories Nos. 1-11 and 13(a)). Therefore, defendant Castillo is required to respond to Interrogatory No. 12. Defendant Castillo is not required to answer interrogatories number 13(b) through 25.

        vi)    <u>Defendants Rodriguez, Bradley and Scribner - Interrogatories Nos. 11- 25</u>

Defendants Rodriguez, Bradley and Scribner have each answered Interrogatory Number 11, and each objects to the remainder on the grounds that plaintiff has exceeded the twenty-five question limitation. By the Court's count, defendants Rodriguez, Bradley and Scribner have each responded to 23 separate and distinct interrogatories (Interrogatories Nos. 1-11). Therefore, defendants Rodriguez, Bradley and Scribner are required to respond to Interrogatories Nos. 12 and 13.[3] The court finds that

---

[2] Plaintiff has not challenged this response in his motion to compel. As stated previously, plaintiff's motion to compel challenges only defendants' assertion that he has exceeded the 25 question limitation, *per* FRCP 33(a).

[3] Plaintiff's Interrogatory No. 12 for Rodriguez, Bradley and Scribner are identical. Plaintiff's Interrogatory No 13 for Rodriguez and Bradley are identical, but different for defendant Scribner. In any event, Interrogatory No. 13 does not contain sub-parts and therefore it is treated as a single interrogatory towards each defendant.

1  although Interrogatory Number 12 contains 3 sub-parts, it should be treated as a single interrogatory since
2  it is a question pertaining to a single communication.
3       Defendants Rodriguez, Bradley and Scribner are not required to answer interrogatories number
4  14 through 25.
5       vii)    <u>Defendant Amerson - Interrogatories Nos. 11- 25</u>
6       Defendant Amerson objects to Interrogatories Nos. 11 through 25 on the grounds that plaintiff has
7  exceeded the twenty-five question limitation.  By the Court's count, defendant Amerson has responded
8  to 22 separate and distinct interrogatories (Interrogatories Nos. 1-10).  Therefore, defendant Amerson is
9  required to respond to Interrogatories Nos. 11 through 13.  Interrogatories 11 and 13 do not contain
10 subparts and therefore are treated as single interrogatories.  Interrogatory No. 12 contains 3 sub-parts, but
11 should be treated as a single interrogatory since it is a question pertaining to a single communication.
12 Defendant Sheppard-Brooks is not required to answer Interrogatories Nos. 14 through 25.
13      viii)    <u>Defendant Sheppard-Brooks - Interrogatories Nos. 11- 25</u>
14      Defendant Sheppard-Brooks objects to Interrogatories Nos. 11 through 25 on the grounds that
15 plaintiff has exceeded the twenty-five question limitation.  By the Court's count, defendant Sheppard-
16 Brooks has responded to  22 separate and distinct interrogatories (Interrogatories Nos. 1-10).  Therefore,
17 defendant Sheppard-Brooks is required to respond to  Interrogatories Nos. 11 through13, none of which
18 contains subparts and therefore are treated as single interrogatories.  Defendant Sheppard-Brooks is not
19 required to answer Interrogatories Nos. 14 through 25.
20     C.    <u>Plaintiff's Request for the Production of Documents</u>
21      I)    <u>Request One</u>
22      In request number one, plaintiff seeks, "The portion of Mail Logs, which pertain to plaintiff, for
23 the years 2004 through 2006, inclusive, from the Mailroom at CSP-Corcoran, which shows the receipt
24 and/or disposition of incoming checks to include:
25      a)    Checks received Log Book;
26      b)    Checks/mail returned to sender Log Book;
27      c)    Notices to inmates of returned/undelivered mail Log Book."  (Doc. 46, Ex.A).
28      Defendants object that the request is overly broad, overly burdensome, and not reasonably

1 calculated to lead to the discovery of evidence. (Doc. 52, p.6). Defendants further object that plaintiff's
2 complaint is limited to a six-month period during 2004, and that plaintiff fails to state how the requested
3 information is material to the matters at issue. Defendants' objection is partially justified.
4      At issue in this action is plaintiff's claim that defendants improperly confiscated and returned to
5 sender plaintiff's 2003 Income Tax refund check, and that defendants were intercepting and preventing
6 his mail from being sent. Therefore, defendants' objection that this sort of information is not relevant
7 is not entirely well-taken. However, the request is quite broad. Defendants have forty-five days from the
8 date of service of this order to serve plaintiff with the requested documents for the period from March
9 2004 (when plaintiff alleges he mailed his 2003 Income Tax Form) through to October 2004, inclusive,
10 (when plaintiff last alleges that his mail was intercepted).
11          ii)     Request Two
12      Defendants have indicated in their opposition that the requested documents have been located and
13 provided to plaintiff by way of supplemental response on February 20, 2008. (Doc. 52, Ex. C). Therefore,
14 plaintiff's request for the production of Operational Procedure 205, in effect during 2004 - 2006, is moot.
15          iii)    Request Four
16      Plaintiff requests the "original, un-redacted, Memorandum from the Internal Revenue Service,
17 dated April 15, 2004. Specifically, the Original Copy should provide the name of the Internal Revenue
18 Agent who authored the memo, the name of the person whom the Memo was sent and the last two
19 paragraphs of the memo."
20      Defendants object on the grounds that the letter contains information regarding another inmate
21 that is deemed privileged under state law. Defendants further object to releasing an unredacted copy on
22 the grounds that the Treasury, Internal Revenue Service, has requested that the name and phone number
23 of its Investigative Aide be kept confidential. Defendants request an *in camera* review prior to releasing
24 the unredacted memorandum.
25      Plaintiff submits that the name of another inmate may be redacted. However, plaintiff states that
26 he wishes to call the IRS Investigative Aide as a witness. Defendants have not met their burden in
27 demonstrating the need for an *in camera* review at this time. Arguments set forth in defendants'
28 opposition may not substitute for facts supported by evidence. Therefore defendants' request is denied,

without prejudice to re-filing their motion for an *in camera review*, with supporting evidence attached. Defendants are ordered to produce to plaintiff a copy of the memorandum requested, redacting only information pertaining to another inmate, and the phone number of the IRS Investigative Aide if it so appears.

        iv)    <u>Request Five</u>

Plaintiff requests "Plaintiffs Inmate Trust Statement from January 1, 2002 through November 30, 2007." Defendants object that the request is overly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff contends that the information is relevant to show "financial damage" to plaintiff as a result of defendants' alleged violation of his constitutional rights.

Plaintiff's request is overly broad and burdensome, and the information sought appears irrelevant, particularly given that plaintiff is seeking statements that span six years. Plaintiff's motion to compel a response to this request is denied.

        v)    <u>Request Six</u>

Plaintiff requests the "Employee Roster of all Staff and Supervisors assigned to the Mailroom at CSP-Corcoran during the years 2004 through 2006, inclusive." Plaintiff contends that the staff who participated in plaintiff's complaint can only be discovered through these means.

Defendants object on the grounds that the request is overly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Further in their opposition, Defendants contend that the time frame is immaterial to the matters at issue, and that plaintiff's claim that the requested information would help him prove a conspiracy is without merit. Plaintiff states in reply that once he receives the roster, he can then gather the required evidence to demonstrate a conspiracy.

Defendants' objection is justified. The court finds the request overly broad, since plaintiff's claim is limited to allegations concerning his 2003 Income Tax Return, and allegations concerning the handling of plaintiff's mail in the months immediately thereafter. Further, plaintiff's allegations of conspiracy are speculative at best. A bare allegation that defendants conspired to violate plaintiff's constitutional rights will not suffice to give rise to a conspiracy claim under section 1983, and plaintiff cannot move to compel discovery of documents that he hopes will establish a conspiracy claim. Plaintiff's motion to compel a

response to this request is denied.

        vi)    <u>Request Seven</u>

Plaintiff requests the "Employee Roster of Staff and Supervisors assigned to the following areas at CSP-Corcoran during the years 2004 through 2006, inclusive:

a) The Trust Office;

b) The Mail Room;

c) The Appeals Coordinator's Office; and

d) The Warden's Office."

Defendants object on the same bases as stated for Request Six. Plaintiff's motion to compel a response to this request is likewise denied, and on the same grounds.

        vii)    <u>Request Eight</u>

Plaintiff requests "Copies of all original Memorandums [sic] relating to the disposition, handling, and/or processing of Internal Revenue Service Refund Checks written and/or effective during the years 2004 through 2006, inclusive."

Defendants object on the grounds that the documents have not been located; in opposition to the present motion, they state the documents are not in their possession custody or control, and if located, will be provided to Plaintiff in a supplemental response.

Defendants' objection does not demonstrate that a diligent search and reasonably inquiry has been made in an effort to locate the requested documents. Plaintiff's motion to compel Request Eight is granted, and defendants are ordered to either produce the documents, or amend their response to state that a diligent search and reasonable inquiry have been conducted, and to state the reason they are unable to comply (e.g., the document never existed; or not in their possession, custody or control).

///

///

        viii)    <u>Request Ten</u>

Plaintiff requests "Portions of Inmate Appeal Log Books, that pertain to the plaintiff, for the year 2004 to include those Log Books located in the following areas:

a) Facility 3A;

1        b) Warden's Office;

2        c) CSP-Corcoran Appeals Coordinator".

3        In response, defendants state that there are no Appeal Log Books, and therefore no documents
4 responsive to this request. In opposition to the present motion, defendants state that they cannot provide
5 documents in their possession, custody or control, and that if there is such a log book in the 3A library,
6 that plaintiff should seek the information from the Librarian.

7        If defendants assert that the Appeal Log Books do not exist, then they cannot expect plaintiff to
8 ask the Librarian for such information. Defendants have not demonstrated that a diligent search and
9 reasonably inquiry has been made in an effort to locate the requested documents. Plaintiff's motion to
10 compel Request Ten is granted, and defendants are ordered to either produce the documents, or amend
11 their response to state that a diligent search and reasonable inquiry have been conducted, and to state the
12 reason they are unable to comply (e.g., the document never existed; or not in their possession, custody
13 or control).

14                ix)    Request Eleven

15       Lastly, plaintiff requests "all documents which may lead to the discovery of all persons involved
16 in the plaintiff's IRS Refund Check being returned to the IRS and the reason for such action."

17       Defendants object on the grounds that it is overly broad and does not seek an identifiable or
18 individual document, or a category of documents, set forth with particularity as required by FRCP 36.[4]

19       Defendants' objection is well-founded. Plaintiff's request is overly broad and fails to comply with
20 Rule 34, and accordingly, plaintiff's motion to compel a further response to this request is denied.

21 ///

22 ///

23       D.    Plaintiff's Request for Admissions

24       Defendants allege that plaintiff's initial request for admissions did not comport with Rule 36. It
25 appears that plaintiff has since re-served his requests for admissions, and defendants have stated that they
26 will timely answer. Therefore, plaintiff's request to compel further responses to his requests for

27

28       [4] Defendants incorrectly cite Rule 36, which pertains to Requests for Admissions. FRCP Rule 34 discusses the production of documents, and the required contents of the request.

1 admissions is denied without prejudice. Plaintiff may re-file his motion to compel further responses to
2 his request for admissions if defendants do not timely answer.

3       E.      <u>Plaintiff's Motion to Exceed the 25 Question Limitation on Interrogatories</u>

4     Plaintiff contends that counsel for the defendants "has taken every opportunity to frustrate
5 meaningful discovery", and seeks leave of the court to present each defendant with interrogatory
6 questions in excess of the 25 limitation. (Doc. 44, p.1). Plaintiff requests leave to ask up to an additional
7 50 questions.

8     In opposition, defendants argue that plaintiff has not demonstrated any need or justification for
9 the additional discovery, that plaintiff has failed to submit the proposed interrogatories for Court review,
10 and that plaintiff has not established that the benefit of allowing him to exceed the interrogatory limit
11 outweighs the corresponding burden that would be imposed on defendants. (Doc. 50, p.2:5-10).

12     In reply, plaintiff contends that his request is necessary because defendants have refused to answer
13 his initial set of interrogatories on the grounds that he has exceeded his twenty-five question limitation.
14 Plaintiff states that any additional questions would likely be limited to the unanswered questions as set
15 forth in his first set of interrogatories (Doc. 55, p.5). Further, plaintiff argues that defendants have
16 frustrated every meaningful attempt at discovery by, *inter alia*, failing to answer his first set of requests
17 for admission and genuineness of documents, and by failing to provide all the documents sought in
18 plaintiff's first set of requests for documents.

19     The party requesting additional interrogatories must make a "particularized showing" as to why
20 additional discovery is necessary. <u>Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn.</u>, 187
21 F.R.D. 578, 586 (D MN 1999). Pursuant to FRCP 33(a), once the moving party has made a
22 particularized showing, the Court shall grant leave if it is consistent with FRCP 26(b)(2).

23     Plaintiff's instant motion is deficient. Plaintiff alleges simply that "he cannot avail himself of the
24 Desposition Process, as counsel for the Defendants are able to do, which process affords them no
25 limitation on questions. Further, counsel for the Defendants has taken every opportunity to frustrate
26 meaningful discovery and the additional questions are necessary". Although his reply offers further
27 elaboration, by this instant order the court has resolved plaintiff's motions to compel further
28 interrogatories, to compel further production of documents, and to compel responses to plaintiff's request

for admissions, all of which form the bases for his motion to exceed the 25 interrogatory limitation. Further still, defendants are correct in their assertion that plaintiff is required to submit the proposed interrogatories for review by the court with his motion, and not when responding to defendants' opposition. Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 492. Plaintiff has not satisfied the court that further interrogatories are necessary.

Even assuming that plaintiff has demonstrated necessity, under FRCP Rule 26(b)(2), the Court must limit the frequency of extent of discovery otherwise allowed if it determines that the "(I) the discovery sought is unreasonably cumulative or duplicative...or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues".

Defendants argue that the burden of responding to up to fifty additional interrogatories by each defendant will be substantial. In addition, defendants argue that plaintiff's additional interrogatories would be duplicative and cumulative, as evidenced by plaintiff's first 25 interrogatories. Defendants assert that plaintiff propounded many identical questions to each defendant, and has also propounded inappropriate questions regarding defendants' willingness to settle, and their monthly salaries, bank account balances and current assets. In reply, plaintiff argues that any burden imposed is attributable to defendants' failure to engage in meaningful discovery.

Although plaintiff states that his additional questions would likely be limited to the unanswered questions as set forth in his first set of interrogatories, he has not demonstrated to the court's satisfaction that additional interrogatories are necessary, or that the benefits of the additional interrogatories outweigh the corresponding burden or expense. Accordingly, plaintiff's motion to exceed the 25 interrogatory limitation is denied. Plaintiff may renew his motion with proposed interrogatories attached.

///

F.  Conclusion

As set forth herein, it is HEREBY ORDERED that:

1.  Plaintiff's motion to compel further responses to his first set of interrogatories is

GRANTED IN PART AND DENIED IN PART as follows:

    a. Plaintiff's motion to compel defendant Castillo to respond to Interrogatory No. 12 is GRANTED, and his motion to compel responses to Interrogatories Nos. 13(b) through 25 is DENIED;

    b. Plaintiff's motion to compel defendants Rodriguez, Bradley and Scribner to respond to Interrogatories Nos. 12 and 13 is GRANTED, and his motion to compel responses to Interrogatories Nos. 14 - 25 is DENIED;

    c. Plaintiff's motion to compel defendant Amerson to respond to Interrogatory Nos. 11 through 13 is GRANTED, and his motion to compel responses to Interrogatories Nos. 14 - 25 is DENIED;

    d. Plaintiff's motion to compel defendant Sheppard-Brooks to respond to Interrogatory Nos. 11 - 13 is GRANTED, and his motion to compel responses to Interrogatories Nos. 14 - 25 is DENIED;

2. Plaintiff's motion to compel the production of documents is GRANTED IN PART AND DENIED IN PART as follows:

    a. Request One is GRANTED, as narrowed and clarified by this order, and defendants have **forty-five (45) days** within which to serve responses;

    b. Request Two is DENIED as MOOT;

    c. Requests Four, Eight and Ten are GRANTED and defendants have **forty-five (45) days** within which to serve responses;

    d. Requests Five, Six, Seven and Eleven are DENIED.

3. Plaintiff's motion to compel responses to his Request for Admissions is DENIED without prejudice; and

4. Plaintiff's request to exceed the twenty-five question limitation on interrogatories is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   May 7, 2008            /s/ Dennis L. Beck
                                      UNITED STATES MAGISTRATE JUDGE